IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CHRISTOPHER WARD, #05064990,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 3:05-CV-1865-K |
| ) | |
| **DALLAS COUNTY SHERIFF** ) | |
| **LUPE VALDEZ,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for habeas corpus relief filed by a county inmate pursuant to 28 U.S.C. § 2241, et seq.

Parties: Petitioner is presently residing in Garland, Texas. At the time of filing this action, he was incarcerated at the Dallas County Jail. Respondent is the Dallas County Sheriff. The Court issued process in this case.

Statement of Case: On September 15, 2005, the United States District Court for the Eastern District of Texas transferred this habeas corpus petition to this Court because all charges brought by Collin County against Petitioner had been dismissed, and Petitioner was being held on Dallas County charges. In his amended petition, Petitioner alleges he is being held pursuant to an excessive bond, and Dallas County refuses to hold a bond hearing to reduce such bond.

(See Second Amended Petition filed on October 21, 2005).

In response to this court's order to show cause, Respondent filed an answer and motion to dismiss, advising that Petitioner's bond was reduced on November 9, 2005, and that Petitioner posted bond and was released from the Dallas County Jail on November 10, 2005. Petitioner advised the court of his change of address on November 30, 2005. He, however, has failed to respond to the motion to dismiss.

Findings and Conclusions: Petitioner's release requires the court to examine whether it has jurisdiction over the instant action. See Fed. R. Civ. P. 12(h)(3) (stating that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.' " United States Parole Comm'n v. Geraghty, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Id. at 396 (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). When a petitioner does not attack the validity of his conviction, but merely contests the imposition and duration of his confinement, the case becomes moot when he is no longer confined. Lane v. Williams, 455 U.S. 624, 631 (1982). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot." American Med. Ass'n v. Bowen, 857 F.2d 267, 270 (5th Cir.1988).

Contrary to Petitioner's allegations in his notice of address change, the only relief sought in this matter is a bond reduction hearing. (See Amended Habeas Pet. filed October 21, 2005, at 7). Since Petitioner's bond was reduced on November 9, 2005, and he posted bond and was

2

released from custody the next day, his grounds for relief are moot and this court lacks jurisdiction to consider his claims. Therefore, the habeas corpus petition should be dismissed as moot.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Respondent's motion to dismiss be granted, and that the petition for a writ of habeas corpus be dismissed for want of jurisdiction the same being moot.

A copy of this recommendation shall be mailed to Petitioner and counsel for Respondent.

Signed December 12, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.